UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20643-Civ-LENARD
MAGISTRATE JUDGE P. A. WHITE

RALPH A. EVERETT,                     :

          Petitioner,                 :

v.                                    :          REPORT OF
                                                 MAGISTRATE JUDGE
WALTER A. McNEIL,                     :

          Respondent.                 :
_____

Introduction

     Ralph A. Everett has filed a pro se petition for writ of
habeas corpus pursuant to 28 U.S.C. §2254, challenging the
constitutionality of his conviction for strong armed robbery
entered following a guilty plea in Dade County Circuit Court, case
no. F00-38560.

     This Cause has been referred to the undersigned for
consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and
Rules 8 and 10 of the Rules Governing Section 2254 Cases in the
United States District Courts.

     For its consideration of this petition (DE#1), the Court has
the response of the state to an order to show cause with multiple
exhibits (DE#s11,14), and the petitioner's reply (DE#15).

     The petitioner raises the following twelve claims:

          1.   His guilty plea was not knowing and
               voluntary because it was premised on
               misadvice from counsel, and unfulfilled

promises by the judge. (DE#1:6).

2.     The state withheld exculpatory evidence by failing to apprise the petitioner prior to his change of plea that the parole violation charges had been dismissed. (DE#1:8).

3.     The court failed to bring him before a judicial officer within 24 hours of a new charge being filed. (DE#1:9).

4.     The petitioner was unlawfully charged with strong armed robbery, especially as there was insufficient evidence in support thereof. (DE#1:11).

5.     He was denied effective assistance of counsel, where his lawyer failed to object or seek dismissal of the strong armed robbery offense on the basis that the court lacked jurisdiction over the offense which arose from an "uncodified statute." (DE#1:A).

6.     He was denied effective assistance of counsel, where his attorney misadvised him that the state could prove robbery, and failed to explain that the evidence only supported the lesser-included-offense of theft. (DE#1:C).

7.     He was denied effective assistance of counsel, where his lawyer failed to investigate and discover the Florida Parole Commission's administrative order, warrant, and release from parole, which resulted in a coerced, unknowing, and involuntary plea. (DE#1:D).

8.     He was denied effective assistance, where his lawyer failed to discover the existence of a video surveillance tape which would have supported pursuit of the lesser-included-offense of theft, and not strong armed robbery. (DE#1:F).

9.  He was denied effective assistance of counsel, where his lawyer failed to investigate and call Detective Feria at the petitioner's suppression hearing to rebut Detective Kumjian's testimony. (DE#1:G).

10. He was denied effective assistance of counsel, where his lawyer failed to insure that a hearing was held on the petitioner's motion to suppress prior to his change of plea. (DE#1:I).

11. He was denied effective assistance of counsel, where his lawyer failed to advise him that he could plead *nolo contendere*, thereby reserving the right to appeal the lawfulness of his motion to suppress. (DE#1:K).

12. The cumulative errors of defense counsel deprived the petitioner of a fair trial. (DE#1:L).

## Procedural History

The procedural history of the underlying state court convictions reveals as follows. The petitioner was charged by Information with strong arm robbery, in violation of <u>Fla.Stat.</u> §812.13(2)(c). (DE#14:Ex.A). Prior to trial, the petitioner filed a motion to suppress, challenging the admissibility of his identification. (DE#14:Ex.AW). Before concluding a hearing on the motion, the petitioner executed a waiver of rights form whereby he agreed to enter a plea of guilty or no contest in his best interest. (DE#14:Ex.D:8; DE#14:Ex.B). The petitioner further acknowledged the constitutional rights he was waiving by entering into the plea. (DE#14:Ex.B). The petitioner acknowledged that no one had made any promises, threats, or representations to induce him to enter his plea, other than those as set forth in the plea colloquy. The

petitioner agreed to waive any right to withdraw his plea. (<u>Id</u>.).
Moreover, the petitioner acknowledged he had entered into the plea
after having had adequate, complete, and full consultation with
counsel, including the strength and weakness of the state's case,
the nature of the charge, and any applicable defenses thereto.
(<u>Id</u>.).

     At his change of plea proceeding, petitioner's counsel advised
the court that the petitioner was pleading guilty as charged, and
that he agreed to be sentenced as a prison releasee reoffender to
a term of 15 years in prison, which subsumed any potential sentence
on the petitioner's parole violation. (DE#14:Ex.D:3). The court
indicated that it intended that the sentence imposed run concurrent
to any sentence imposed on the parole violation. (<u>Id</u>.:4).

     After the petitioner was placed under oath, he acknowledged
that he was pleading guilty to one count of strong arm robbery, and
agreed to a 15-year minimum mandatory sentence as a prison releasee
reoffender. (<u>Id</u>.:8). That sentence was to run concurrent, but not
coterminous to any sentence imposed on his parole violation in case
no. F89-8980A. (<u>Id</u>.). The petitioner denied being promised anything
in order to induce him to change his plea, and was satisfied with
counsel's representation. (<u>Id</u>.:9). He acknowledged he faced up to
a maximum of 30 years in prison, with a 15-year minimum mandatory
as a prison releasee reoffender. (<u>Id</u>.:10).

     Thereafter, the parties stipulated to a factual basis for the
plea which revealed that the petitioner willfully, with force,
violence, or fear, took property from Hussien Bushwani while working
at a Food Spot in Miami-Dade County. The court determined the plea
was knowing and voluntary, finding the petitioner understood the
nature of the charges against him, and the constitutional rights he

was waiving. (DE#14:Ex.D:17-1825). On November 19, 2002, the
petitioner was adjudicated a prison releasee reoffender and
sentenced to a term of 15 years in prison, with a minimum mandatory
of 15 years. (DE#14:Ex.C).

On December 2, 2002, the petitioner filed a motion to withdraw
his guilty plea on the basis that he expected to receive a 9-year
sentence on his parole violation, which was the moving force behind
the petitioner's change of plea. (DE#14:Ex.E). In that motion,
defense counsel states that it was not until after the petitioner's
change of plea and sentencing that they were advised that the parole
board's "hold" had been released and the petitioner would not face
a violation hearing or sentence. (Id.). According to the petitioner,
had this information been previously disclosed to him by the state,
he would not have entered into a guilty plea, but instead would have
elected to proceed to trial. (Id.). After a hearing was held on the
motion, the court denied the motion, finding in relevant part that
the petitioner was aware he faced thirty years in prison if convicted at
trial. (DE#14:Ex.F:60-61). The court rejected the petitioner's argument
that he only entered into the plea because it was premised on the
misconception that he also faced a violation of probation hearing and
sentence. (Id.). The court further found that the reason the petitioner
changed his plea was because there was a jury panel waiting outside the
courtroom, and that trial was scheduled to commence if the petitioner did
not accept the plea. (Id.).

The petitioner appealed, raising essentially the same claim as
claim one of this federal petition, as listed above. (DE#14:Ex.I).
On December 8, 2004, the Third District Court of Appeal *per curiam*
affirmed the trial court's denial. Everett v. State, 888 So.2d 167
(Fla. 3 DCA 2004); (DE#14:Ex.K). The judgment of conviction thus
became final for purposes of the AEDPA's one year federal statute

of limitations, at the latest on March 8, 2005, ninety days after the opinion affirming the conviction was issued at the conclusion of the petitioner's appeal.[1]

Less than one week later, on March 14, 2005, the petitioner next filed a state petition for writ of habeas corpus with the Florida Supreme Court, again asserting essentially the same claim as claim one of this federal habeas petition, arguing that he was misled by counsel regarding his sentence exposure and the parole violation issue, which rendered his plea involuntary. (DE#14:Ex.L). On March 22, 2005, the Florida Supreme Court dismissed the petition for lack of jurisdiction. Everett v. State, 900 So.2d 553 (Fla. 2005); (DE#14:Ex.M).

Over one month later, on May 11, 2005, the petitioner then filed yet another state petition for writ of habeas corpus with the trial court, raising essentially the same claims as claims two and three of this federal petition, as listed above. (DE#14:Ex.N). On June 17, 2005, the trial court entered an order denying the petition, finding it insufficient to support the relief requested. (DE#14:Ex.O). Rehearing was denied on August 17, 2005. (DE#14:Ex.Q). The movant appealed, and the state filed an answer brief, arguing that the trial court did not err in denying the petition because a habeas petition is not the proper vehicle for the petitioner's claim, and even if the petition were construed as a Rule 3.850 motion, it would be time-barred, thus precluding any relief

---

[1]For federal purposes, a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffin v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, Bond v. Moore, 309 F.3d 770 (11 Cir. 2002); Coates v. Byrd, 211 F.3d 1225 (11 Cir. 2000). Ordinarily, a petition for writ of certiorari must be filed within 90 days of the date of the entry of judgment, rather than the issuance of a mandate.  Supreme Court Rule 13.

requested. (DE#14:Ex.U).

On May 17, 2006, the Third District Court of Appeal acknowledged that the petitioner's claim challenged the validity of his plea, and that the proper vehicle for such a challenge is a Rule 3.850 motion, not a habeas petition. (DE#14:Ex.AA). Thus, the appellate court treated the habeas petition as one brought timely pursuant to Rule 3.850, and thereafter affirmed on the finding that the ground raised was procedurally barred and without merit. Everett v. State, 928 So.2d 1241 (Fla. 3DCA 2006); (DE#14:Ex.AA). Rehearing and rehearing en banc were denied on September 20, 2006, with the mandate then issuing on October 9, 2006. (DE#14).

While the rehearing motions were pending, however, the petition sought discretionary review with the Florida Supreme Court. (DE#14:Ex.AC). On December 4, 2006, the Florida Supreme Court declined to accept jurisdiction, and stated that no motion for rehearing would be considered. Everett v. State, 945 So.2d 1289 (Fla. 2006); (DE#14:Ex.AG).

While the above petition was still pending, the petitioner returned to the state court, filing a Rule 3.850 motion for postconviction relief, raising multiple claims, including all claims raised in this federal petition, as listed above. (DE#14:Ex.AH). The state filed a response thereto, and thereafter the trial court entered an order denying the motion for the reasons set forth in the state's response. (DE#14:Ex.AJ). On November 14, 2007, that denial was per curiam affirmed by the appellate court without requiring a response by the state. Everett v. State, 972 So.2d 189 (Fla. 3 DCA 2007)(table); (DE#14:Ex.AM). Rehearing was denied on January 8, 2008. (DE#14:Ex.AO). The mandate issued on January 25, 2008. (DE#14:Ex.AP).

7

Before the above mandate issued, the petitioner returned to the state court on September 1, 2007, filing a second Rule 3.850 motion for postconviction relief, essentially seeking vacatur of his plea on the basis that it was unlawfully premised on the fact that the petitioner faced a future parole violation sentence, when in fact, the prosecutor and the court were previously aware that the parole commission intended not to proceed on the violation. (DE#14:Ex.AQ). On December 20, 2007, the trial court entered an order denying the motion as untimely, and legally insufficient,  duplicitous of a prior Rule 3.850 motion, and on the basis that the claim raised therein could have been raised in his prior motion. (DE#14:Ex.AR). On March 12, 2008, the Third District Court of Appeal per curiam affirmed the trial court's denial without written opinion. Everett v. State, 974 So.2d 1076 (Fla. 3 DCA 2008); (DE#14:Ex.AU). The mandate issued on April 7, 2008. (DE#14:Ex.AU).

While the above mandate had yet to issue, on March 5, 2008, the petitioner came to this court filing this federal habeas corpus petition.[2] (DE#1:16). The respondent correctly concedes that this petition was filed within the one-year limitations period of 28 U.S.C. §2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Artuz v. Bennett, 531 U.S. 4 (2000) (pendency of properly-filed state postconviction proceedings tolls the AEDPA limitations period).

Issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted. Anderson v. Harless, 459 U.S. 4 (1982);  Hutchins v. Wainwright, 715 F.2d 512 (11 Cir. 1983). Exhaustion requires that a claim be pursued

---

[2]See: Adams v. United States, 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

in the state courts through the appellate process. <u>Leonard v. Wainwright</u>, 601 F.2d 807 (5 Cir. 1979). Both the factual substance of a claim and the federal constitutional issue itself must have been expressly presented to the state courts to achieve exhaustion for purposes of federal habeas corpus review. <u>Baldwin v. Reese</u>, 541 U.S. 27 (2004); <u>Gray v. Netherlands</u>, 518 U.S. 152 (1996); <u>Duncan v. Henry</u>, 513 U.S. 364 (1995); <u>Picardy v. Connor</u>, 404 U.S. 270 (1971). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." <u>Picardy v. Connor</u>, 404 U.S. 270-275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial; <u>Leonard v. Wainwright</u>, 601 F.2d 807, 808 (5 Cir. 1979), or, in the case of a challenge to a sentence, by the filing of a Rule 3.800 motion, and an appeal from its denial. <u>See</u> <u>Caraballo v. State</u>, 805 So.2d 882 (Fla. 2 DCA 2001). A claim of ineffective assistance of appellate counsel must be raised by petition for writ of habeas corpus in the appropriate district court of appeal. <u>State v. Dist. Ct. of Appeal, First Dist.</u>, 569 So. 2d. 439, 442 n.1 (Fla. 1990).

The respondent argues that some of the claims are unexhausted because they were never raised in the state forum or were otherwise raised improperly. Review of the initial state habeas petition and Rule 3.850 motion reveals that the substance of the claims were raised in the state forum. The state also responded to the claims on the merits citing to <u>Strickland</u> and other federal constitutional principles. Because it appears that the state courts were squarely presented with the federal constitutional implications of the petitioner's claims, the respondent's position on the exhaustion issue appears to lack merit. Even if the state's position were

deemed correct, Section 2254 as amended by the AEDPA now permits a federal court in its discretion to deny on the merits a habeas corpus application containing unexhausted claims. See Johnson v. Scully, 967 F.Supp. 113 (S.D.N.Y. 1996); Walker v. Miller, 959 F.Supp. 638 (S.D. N.Y. 1997; Duarte v. Miller, 947 F.Supp. 146 (D.N.J. 1996).

Moreover, the petitioner, cannot prevail on the merits of his claims, and since the respondent in its response has addressed the claims on the merits in the alternative, there is no need to belabor the exhaustion issue. Although these issues should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated. See Lambrix v. Singletary, 520 U.S. 518 (1997). See also Barrett v. Acevedo, 169 F.3d 1155, 1162 (8 Cir. 1999)(stating that judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner and the procedural bar issues are complicated), cert. denied, 528 U.S. 846 (1999); Chambers v. Bowersox, 157 F.3d 560, 564 n. 4 (8 Cir. 1998)(stating that "[t]he simplest way to decide a case is often the best.").

<u>Discussion of the Claims</u>

Turning to the merits of the claims raised in the collateral proceeding, Section 104(d) of the AEDPA [28 U.S.C. §2254(d)] sets out a significant new restriction upon the ability of federal courts to grant habeas corpus relief. Under the AEDPA, the standard of review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." See Stewart v. Sec. Dept. of Corrections, 476 F.3d 1193, 1208 (11th Cir. 2007). See also Parker v. Sec.Dept.of Corrections,

331 F.3d 764 (11th Cir. 2003). The AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." <u>Bell v. Cone</u>, 535 U.S. 685, 693, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). It is undisputed that the AEDPA applies in the instant case.

Where a petitioner's claim(s) raises a federal question, <u>see</u> 28 U.S.C. §2254(a)("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"), that was exhausted, is not procedurally barred, and was adjudicated on the merits in the state courts, the federal court must afford a high level of deference to the state court's decision. <u>See e.g</u>., <u>Ferguson v. Culliver</u>, 527 F.3d 1144, 1146 (11 Cir. 2008).

Pursuant to 28 U.S.C. §2254(d), habeas relief is available only in cases where the claims were adjudicated on the merits and the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented in state court." <u>Crowe v. Hall</u>, 490 F.3d 840, 844 (11th Cir. 2007), <u>cert. den'd</u>, ___ U.S. ___, 128 S.Ct. 2053 (2008); <u>Williams  v. Taylor</u>, 529 U.S. 362 (1999). Clearly established federal law embraces "the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court decision." <u>Stewart v. Sec'y, Dep't of Corrs.</u>, 476 F.3d 1193, 1208 (11th Cir. 2007). Further, a decision is "contrary to" established law if (1) the state court arrived at an opposite conclusion on a question of law as interpreted by the

Supreme Court or (2) the court arrived at a different result when confronted with "materially indistinguishable" facts from relevant Supreme Court precedent. <u>Jennings v. McDonough</u>, 490 F.3d 1230, 1236 (11th Cir. 2007), <u>cert. den'd</u>, ____ U.S. ___, 122 S.Ct. 846 (2008). An application of established law is unreasonable "if the state court unreasonably extends or fails to extend a clearly established legal principle to a new context." <u>Id</u>.

     "[A] state court's decision is not 'contrary to ... clearly established Federal law' simply because the court did not cite [Supreme Court] opinions.... [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" <u>Mitchell v. Esparza</u>, 540 U.S. 12, 16 (2003)(<u>quoting</u> <u>Early v. Packer</u>, 537 U.S. 3, 7-8 (2002). Even where a state court denies an application for post-conviction relief without written opinion, that decision constitutes an "adjudication on the merits," and is thus entitled to the same deference as if the state court had entered written findings to support its decision. <u>See</u> <u>Wright v. Sec. of Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11 Cir. 2002). Moreover, findings of fact by the state court are presumed correct, and the petitioner bears the burden of rebutting that presumption of correctness by clear and convincing evidence. <u>See</u> 28 U.S.C. §2254(e)(1); <u>Crowe v. Hall</u>, 490 F.3d at 844.

     Throughout all of his claims, the petitioner challenges counsel's effectiveness at trial for multiple reasons. In order to prevail on a claim of ineffective assistance of counsel, the petitioner must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result

12

of the proceeding would have been different. <u>Strickland v.
Washington</u>, 466 U.S. 668 (1984); <u>Chandler v. United States</u>, 218 F.3d
1305 (11th Cir. 2000)(<i>en banc</i>). The standard is the same for claims
of ineffective assistance on appeal. <u>Matire v. Wainwright</u>, 811 F.2d
1430, 1435 (11 Cir. 1987). A court may decline to reach the
performance prong of the standard if it is convinced that the
prejudice prong cannot be satisfied. <u>Id</u>. at 697; <u>Waters v. Thomas</u>,
46 F.3d 1506, 1510 (11 Cir. 1995). Prejudice in the sentencing
context requires a showing that the sentence was increased due to
counsel's error. <u>Glover v. United States</u>, 531 U.S. 198, 203-204
(2001).

The Eleventh Circuit reviews an attorney's performance with
deference, and looks not for "what is prudent or appropriate, but
only what is constitutionally compelled." <u>Hardwick v. Crosby</u>, 320
F.3d 1127, 1161 (11 Cir. 2003), <u>citing</u> <u>Chandler v. United States</u>,
218 F.3d 1305, 1313 (11 Cir. 2000) (en banc)(When assessing a
lawyer's performance, "Courts must indulge the strong presumption
that counsel's performance was reasonable and that counsel made all
significant decisions in the exercise of reasonable professional
judgment."). The court's role in reviewing ineffective assistance
of counsel claims is not to "grade a lawyer's performance; instead,
[the court] determine[s] only whether a lawyer's performance was
within the wide range of professionally competent assistance." <u>Van
Poyck v. Florida Dept. of Corrections</u>, 290 F.3d 1318, 1322 (11
Cir.), <u>cert. den'd</u>,___ U.S. ___, 123 S.Ct. 70 (2002), <u>quoting</u>,
<u>Strickland v. Washington</u>, <u>supra</u> at 690. Review of counsel's conduct
is to be highly deferential. <u>Spaziano v. Singletary</u>, 36 F.3d 1028,
1039 (11 Cir. 1994), and second-guessing of an attorney's
performance is not permitted. <u>White v. Singletary</u>, 972 F.2d 1218,
1220 (11 Cir. 1992)("Courts should at the start presume
effectiveness and should always avoid second-guessing with the

benefit of hindsight."); <u>Atkins v. Singletary</u>, 965 F.2d 952, 958 (11th Cir. 1992).

In **claim one**, the petitioner asserts that his plea was not knowing and voluntary because it was premised on misadvice from counsel, and unfulfilled promises by the judge. (DE#1:6). According to the petitioner, counsel advised him to take the 15-year plea offer because he faced at least 12 years on a probation violation and three years in prison as to the offense under attack here. The petitioner maintains he relied upon this advice in determining whether to accept the plea or proceed to trial.

It is well settled that before a trial judge can accept a guilty plea, the defendant must be advised of the various constitutional rights that he is waiving by entering such a plea. <u>Boykin v. Alabama</u>, 395 U.S. 238, 243 (1969). Since a guilty plea is a waiver of substantial constitutional rights, it must be a voluntary, knowing, and intelligent act done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. <u>Brady v. United States</u>, 397 U.S. 742, 748 (1970). A voluntary and intelligent plea of guilty made by an accused person who has been advised by competent counsel may not be collaterally attacked. <u>Mabry v. Johnson</u>, 467 U.S. 504, 508 (1984). A guilty plea must therefore stand unless induced by misrepresentation made to the accused person by the court, prosecutor, or his own counsel. <u>Mabry</u>, 467 U.S. at 509, <u>quoting</u>, <u>Brady v. United States</u>, 397 U.S. at 748.

In other words, if a guilty plea is induced through threats, misrepresentations, or improper promises, the defendant cannot be said to have been fully apprised of the consequences of the guilty plea and may therefore challenge the guilty plea under the Due

Process Clause. <u>Mabry v. Johnson</u>, 467 U.S. at 509.  <u>See also</u>
<u>Santobello v. New York</u>, 404 U.S. 257 (1971).  In construing a plea
agreement, the court must decide whether the defendant reasonably
understood the terms of the plea agreement when he pleaded guilty.
<u>Id</u>. <u>See also</u> <u>United States v. Hernandez</u>, 322 F.3d 592, 599 (9 Cir.
2003).

The record demonstrates that the guilty plea was entered
knowingly and voluntarily by the petitioner after a thorough plea
colloquy conducted by the trial court and not without understanding
the direct consequences of the plea, as alleged. (DE#14:Ex.D-
Transcript of Plea Proceeding). Specifically, the record reveals
that the petitioner was advised that his sentence would run
concurrent, but not coterminous, with any sentence imposed as a
result of his violation of probation. (<u>Id</u>.:4-5). The petitioner
further acknowledged under oath that as part of the plea, he agreed
to plead guilty to one count of strong armed robbery, in exchange
for a sentence as a prison releasee reoffender of 15 years in
prison. (<u>Id</u>.:8-9). Other than the above, the petitioner denied being
offered anything to induce him to change his plea. (<u>Id</u>.:9). He
admitted entering into the plea freely and voluntarily because he
was, in fact, guilty. (<u>Id</u>.:9).

The court then advised the petitioner that he faced a maximum
of up to thirty years in prison, with a 15-year minimum mandatory
as a prison releasee reoffender. (<u>Id</u>.:10). Likewise, the petitioner
acknowledged that he was giving up certain constitutional rights as
a result of his plea. (<u>Id</u>.:11). The petitioner further stated he was
satisfied with the services rendered by counsel. (<u>Id</u>.:9).

The petitioner agreed with the state's factual proffer which
revealed that the petitioner unlawfully took by force, violence, or

fear property from Hussien Bushwani, who worked at a local Food Spot. (Id.:11-12). The petitioner further acknowledged reading and executing the waiver of rights form, and stated that he signed the form voluntarily. (Id.:12).

The above-mentioned sworn statements made by the petitioner in connection with the entry of the guilty plea carry a strong presumption of truthfulness and pose a formidable barrier in these subsequent collateral proceedings. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); Kelley v. Alabama, 636 F.2d 1082, 1084 (5 Cir. Unit B. 1981). Under the circumstances presented here, no showing has been made that the petitioner's plea was anything other than knowing and voluntary, and not the product of any form of misrepresentation or unfulfilled promises.[3]

In fact, at the evidentiary hearing on the petitioner's motion to vacate his plea, the trial court heard testimony from the petitioner's counsel regarding his conversations with the petitioner. Defense counsel recalled explaining to the petitioner that if he were convicted of the parole violation and sentenced to serve the remaining twelve years on that prior case, then at worst, he would only serve an additional three years in addition to the

---

[3]Federal courts in habeas corpus proceedings are required to grant a presumption of correctness to state court's explicit and implicit findings of fact, if supported by the record. 28 U.S.C. §2254(e)(1); Green v. Johnson, 160 F.3d 1029, 1045 (5 Cir. 1998), cert. denied, 525 U.S. 1174 (1999). Thus, even where the state courts make no express findings, federal courts reviewing petitions for habeas corpus are entitled to "reconstruct the findings of the state trier of fact, either because his view of the facts is plain from his opinion or because of other indicia." Fike v. James, 833 F.2d 1503, 1505-06 (11 Cir. 1987), quoting, Townsend v. Sain, 372 U.S. 293, 314 (1963), overruled in part on other grounds, Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992). Accordingly, if it is clear that the trial court would have granted the relief sought by the petitioner had it believed the testimony of certain witnesses, "its failure to grant relief was tantamount to an express finding against the credibility of [those witnesses]." Marshall v. Lonberger, 459 U.S. 422, 433 (1983), citing, LaVallee v. Delle Rose, 410 U.S. 690 (1973).

twelve year sentence, for a total of 15 years on the case under attack here. (DE#14:Ex.F:10-12). The petitioner testified, conceding that counsel advised him that on the strong armed robbery offense he faced a minium of 15 years and up to 30 years in prison. (DE#14:Ex.F:33). The petitioner further conceded that counsel never guaranteed that the petitioner's parole was, in fact, going to be violated. (Id.:34). The court thereafter denied the motion, finding in pertinent part, as follows:

> ...This Court doesn't see that as the primary reason for entering into this plea. We were ready to pick a jury of seven to try a strong armed robbery case where the defendant was facing thirty years as a habitual offender with a fifteen-year minimum mandatory. He had just gone through a Motion to Suppress hearing where the Court had denied that, and he knew that his statement that he had freely and voluntarily given to the police was going to be heard by this jury.
>
> Recognizing that, this Court views that as his opportunity to cut his best deal and to avoid any further exposure to prison time by a [sic] insuring that the collateral matter of a parole violation, if it was to occur with no guarantees. Because it is just as easily--even if there is still a parole hold on him they look and see and say, 'He took a plea of fifteen years. We don't need to do a thing.'
>
> All we did in entering into this plea was insure Mr. Everett that the maximum sentence that he would serve for this arrest, regardless of what it was, was fifteen-years, the minimum mandatory in state prison.
>
> I do not believe the defendant's assertion that he relied solely on and the only reason that he entered into this plea in this matter was because of the parole violation that was outstanding. The reason he entered into this plea was because of the thirty members of the jury panel that my bailiff had waiting outside this courtroom.

(DE#14:Ex.F:60-61).

That denial was subsequently affirmed on direct appeal. <u>Everett v. State</u>, 972 So.2d 189 (Fla. 3 DCA 2007); (DE#14:Ex.AM).

Review of the record yields no suggestion that the petitioner's plea was anything other than knowing and voluntary, and not a result of misrepresentations, unfounded promises, or coercion. Thus, no deficient performance or prejudice has been demonstrated arising from counsel's alleged misadvice or the court's unfulfilled promises. Thus, it is apparent from review of the record as a whole that the petitioner's guilty plea was freely, voluntarily and knowingly entered with the advice received from competent counsel, which included the guarantee of a minimum term of imprisonment as to the offense of conviction, and the dismissal of the other offense by the state. Consequently, the state court's rejection of this claim was in accordance with federal constitutional principles and should not be disturbed here. <u>Williams v. Taylor</u>, <u>supra</u>.

In **claim two**, the petitioner asserts that the state withheld exculpatory evidence by failing to apprise the petitioner prior to his change of plea that the parole violation charges had been dismissed. (DE#1:8).

To succeed in showing a due process violation from the prosecution's failure to disclose material exculpatory evidence, the petitioner must establish that (1) evidence was suppressed, (2) the evidence was favorable to the defense, and (3) the evidence was material either to guilt or punishment. <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963). Undisclosed evidence is material if there exists a reasonable probability that the result of the proceedings would have been different had the evidence been disclosed to the defense. <u>See East v. Johnson</u>, 123 F.3d 235, 237 (5 Cir. 1997). No such showing has been made in this federal habeas proceeding, nor in the state

18

Case 1:08-cv-20643-JAL   Document 17   Entered on FLSD Docket 01/20/2009   Page 19 of 39

forum where the claim was raised.

To the contrary, the fact that the parole commission had decided not to go forward on its notice of violation as to the petitioner is in no way exculpatory evidence. Moreover, as discussed previously in relation to claim one above, the court properly rejected the petitioner's argument that his plea was premised on the fact that he was under the mistaken belief that the violation was surely to occur.

Likewise, the petitioner's argument that his guilty plea was not knowing and voluntary because of the state's alleged <u>Brady</u> violation, which occurred before his guilty plea was entered, fails as a matter of law. <u>See</u> <u>Orman v. Cain</u>, 228 F.3d 616, 617 (5th Cir. 2000)("Brady requires a prosecutor to disclose exculpatory evidence for purposes of ensuring a fair trial, a concern that is absent when a defendant waives trial and pleads guilty.). Because the Supreme Court has not extended <u>Brady</u> to proceedings in which the defendant enters a plea of guilty, the state habeas court's denial of petitioner's Brady claim was not unreasonable. <u>See</u> <u>Orman v. Cain</u>, 228 F.3d at 621 (holding that, under AEDPA standards, it is "patently reasonable" for courts to decide not to extend <u>Brady</u> to guilty pleas); <u>see also</u> <u>Matthew v. Johnson</u>, 201 F.3d 353, 361-62 (5th Cir. 2000) ("Because a Brady violation is defined in terms of the potential effects of undisclosed information on a judge's or jury's assessment of guilt, it follows that the failure of a prosecutor to disclose exculpatory information to an individual waiving his right to trial is not a constitutional violation.") (internal quotation omitted); <u>see also</u> <u>United States v. Ruiz</u>, 536 U.S. 622, 634, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) (Thomas, J., concurring) ("The principle supporting Brady was avoidance of an unfair trial to the accused. That concern is not implicated at the

plea stage regardless.") (internal quotation omitted). Accordingly, a prosecutor's failure to disclose potentially exculpatory material to a criminal defendant prior to entry of a guilty plea does not constitute a violation of <u>Brady</u> or the Due Process Clause. Under these circumstances, the state court's rejection of this claim was in accordance with federal constitutional principles and should not be disturbed here. <u>Williams v. Taylor</u>, <u>supra</u>.

In **claim three**, the petitioner asserts that the court failed to bring him before a judicial officer within 24 hours of a new charge being filed. (DE#1:9). According to the petitioner, he was not brought before a judicial officer within twenty-four hours of his arrest on the strong armed robbery charge, as required under Florida Rule of Criminal Procedure 3.130.

First, this claim must be rejected as there is no question of a constitutional nature involved. Federal habeas corpus review encompasses errors of constitutional magnitude. 28 U.S.C. §2254(a).[4] A state's interpretation of its own rules or statutes does not raise a federal constitutional issue unless it rises to a level of denial of fundamental due process. <u>See</u> <u>Machin v. Wainwright</u>, 758 F.2d 1431, 1433 (11 Cir. 1985).

Moreover, by the petitioner's own admission in the state forum and this collateral proceeding, he was arrested on December 2, 2000, and was arraigned the following day, December 3, 2000. A review of the state court on-line docket, located at http://www2.miami-dadeclerk.com reveals that the petitioner was then

_____

[4]The terms of 28 U.S.C. §2254(a) provide that a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

brought before the court again on December 26, 2000 to answer charges and have counsel appointed arising from the filing of an Information on December 22, 2000. There is no indication of an unnecessary delay in presenting the petitioner before a judicial officer and proceeding with the criminal prosecution. Further, the petitioner has not demonstrated that the delay in any way prejudiced him.[5] Thus, the state court's rejection of this claim did not offend federal constitutional principles and should not be disturbed here. Williams v. Taylor, supra.

In **claim four**, the petitioner asserts that he was unlawfully charged with strong armed robbery, especially as there was insufficient evidence in support thereof. (DE#1:11).

Again, this claim was waived by the petitioner's knowing and voluntary plea. Moreover, the petitioner is not entitled to habeas relief on this claim. The standard for review of the sufficiency of the evidence on a petition for federal habeas corpus relief is whether the evidence presented, viewed in a light most favorable to the state, would have permitted a rational trier of fact to find the petitioner guilty of the crimes charged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Smith v. White, 815 F.2d 1401 (11 Cir. 1987). This familiar standard gives full play to the responsibility of the jury to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic

---

[5]It should further be noted that by entering into a knowing and voluntary plea, the petitioner waived the right to contest the manner of his state prosecution. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); Gray v. Benson, 458 F.Supp. 1209, 1214 (D. Kan. 1978)(citing Wainwright v. Sykes, 433 U.S. 72 (1977)).

facts to ultimate facts.[6] See Wilcox v. Ford, 813 F.2d 1140, 1143 (11 Cir. 1987), citing, Jackson v. Virginia, 443 U.S. at 326. This standard of review is equally applicable to direct or circumstantial evidence.[7] Jackson v. Virginia, 443 U.S. at 320; United States v. Peddle, 821 F.2d 1521, 1525 (11 Cir. 1987). In the process of reviewing the record to determine whether federal constitutional standards were violated in a habeas petitioner's underlying criminal case, the Court does not close its eyes to the reality of evidence of guilt fairly established in state court. Milton v. Wainwright, 407 U.S. 371, 377-78 (1971). See Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986).

Based upon the evidence adduced at the suppression hearing, which included the testimony of the victim and investigating officers, as well as, the petitioner's own post-arrest statements, was more than sufficient to support petitioner's conviction. Pursuant to Fla.Stat. §812.13 (2000), robbery is defined as "the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent either to permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is

---

[6]In Florida, the test for the sufficiency of the evidence is whether a "rational trier of fact could have found proof of guilt beyond a reasonable doubt." Melendez v. State, 498 So.2d 1258, 1261 (Fla. 1986) (citing Jackson v. Virginia, 443 U.S. 307 (1979)). A defendant who challenges the sufficiency of the evidence admits not only the facts stated and the evidence adduced, but also every reasonable inference to be drawn from the evidence that is favorable to the state. Gant v. State, 640 So.2d 1180, 1181 (Fla. 4 DCA 1994). It is for the jury to decide what inferences are to be drawn from the facts. Taylor v. State, 583 So.2d 323, 328 (Fla. 1991). So long as there is sufficient evidence in the record to support such inferences, the appellate court will affirm the judgment. Adkins v. Adkins, 650 So.2d 61, 62 (Fla. 3 DCA 1994).

[7]Similarly in Florida, the Jackson standard for the sufficiency of the evidence is equally applicable to direct or circumstantial evidence. In Florida, proof based entirely on circumstantial evidence can be sufficient to sustain a conviction provided that other conditions established by Florida caselaw are satisfied. See Orme v. State, 677 So.2d 258, 258-62 (Fla. 1996) and cases cited therein.

the use of force, violence, assault, or putting in fear." <u>See</u> <u>Fla.Stat</u>. §812.13(1) (2000). The petitioner was charged under <u>Fla.Stat</u>. §812.13(2)(c), which charges robbery without a deadly weapon or firearm. <u>Id</u>.

The arresting affidavit reveals that on October 12, 2000, the petitioner entered a convenience store and approached the employee working at the cash register. (DE#14:Ex.AV). At that time, the petitioner lifted up his shirt, exposing a handgun, and demanded that the employee open the cash register. (<u>Id</u>.). The petitioner further threatened to kill the employee if he moved. (<u>Id</u>.). During its pretrial investigation, defense counsel deposed Tina Procino, a witness to the incident. (DE#14:Ex.Z:Attach.A). Procino testified that when she pulled up to the convenience store, she observed a man run out of a the store and get into a vehicle. (<u>Id</u>.:9). The store clerk then exited the store, running after the  suspect and yelling that he had just been robbed. (<u>Id</u>.:9). The victim, Hussain Punjwani, was also deposed and stated, in pertinent part, that the petitioner entered the store, asked for a magazine, and then advised him that he was carrying a gun. (DE#15:Ex.-Depo.Punjwani:7). At that time, the petitioner demanded that Punjwani give him the money in the register. (<u>Id</u>.:7-8).

Finally, the evidence adduced at the suppression hearing reveals as follows. (DE#14:Ex.Z:Attach.E). Detective Eric Kumjian with the Miami-Dade Police Department testified that he investigated the robbery at the convenient store, and after the petitioner was advised of and waived his constitutional rights, a taped interview was conducted. (<u>Id</u>.:5-6). The detective denied making any promises to the petitioner to induce him to give a statement. (<u>Id</u>.:19). During the course of the interview, the petitioner at first denied any involvement in the robbery, but eventually confessed to the

crime. (Id.:17). The petitioner testified on his own behalf, explaining that he had been on a drug binge at the time of his arrest, and only confessed because the detective had promised a reduction in charges and assistance with his drug addiction. (Id.:29). During cross-examination, however, the petitioner admitted to having multiple felony convictions, and thus a full understanding of his Miranda[8] rights. (Id.).

Based on the arrest report, deposition testimony, and facts adduced at the suppression motion, the evidence, when viewed in the light most favorable to the state, is sufficient to support the petitioner's conviction. Thus, counsel's performance can, therefore, not be deemed constitutionally ineffective for failing to pursue this issue prior to the petitioner's change of plea. See Jackson v. Virginia, 443 U.S. 307 (1979); Smith v. White, 815 F.2d 1401 (11 Cir. 1987). In conclusion, this claim is also clearly refuted by the record. As previously narrated above, the state proffered a factual basis for the plea. See also Mower v. State, 308 So.2d 586, 509 (Fla. 1 DCA 1975)(finding it is not necessary to recite into record factual basis for plea nor any other determination, so long as there is a basis in the record to support it). When asked if he agreed with the state's proffer, the petitioner responded in the affirmative. (DE#14:Ex.D). Under these circumstances, the rejection of this claim in the state forum was neither contrary to nor an unreasonable application of federal constitutional principles and thus should not be disturbed here. Williams v. Taylor, supra.

In **claim five**, the petitioner asserts that he was denied effective assistance of counsel, where his lawyer failed to object or seek dismissal of the strong armed robbery offense on the basis

---

[8]Miranda v. Arizona, 384 U.S. 436 (1966).

that the court lacked jurisdiction over the offense which arose from an "uncodified statute." (DE#1:A). According to the petitioner, Fla.Stat. §812.13 does not include language to support the elements of strong armed robbery. (Id.). This claim is clearly refuted by the record.

The Information in the state court charged the petitioner with violation of Fla.Stat. §812.13(2)(c) which provides, in pertinent part, that if in the course of committing a robbery, the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree. Robbery "means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear." Fla.Stat. §812.13(1).

When the petitioner made this same argument in his Rule 3.850 motion, the state court rejected the claim based on the state's response, which argued as follows:

> Defendant's argument is without merit. The Defendant was arrested on December 2, 2000 for Armed Robbery. The State of Florida filed an Information on December 22, 2000, charging Defendant with Strong Armed Robbery, a second degree felony. Defendant should not be allowed to withdraw his plea on the basis the [sic] he was confused by the charges....
>
> Further, Defendant signed a Rights Waiver Form, stating amongst other things, 'that I understand the charges against me.' The Rights Waiver Form also states that 'counsel has discussed my case with me fully and completely.'
>
> In addition, Defendant's argument is procedurally barred. A defendant seeking post-conviction relief is procedurally barred from raising claims that he

25

> could have raised and should have raised on direct
> appeal. *Robinson v. State*, 707 So.2d 688 (Fla.
> 1998). The defendant could have raised Ground 1
> when he filed, litigated, and appealed his motion
> to withdraw his plea in 2002.

(DE#14:Ex.AJ).


As argued correctly by the prosecutor in the state forum, the court had jurisdiction over the offense, which tracked the language set forth in the statute. The petitioner was aware of the charges against him, and acknowledged understanding the nature of the charges at his change of plea proceeding.[9] Under these circumstances, the state courts rejection of this claim in his Rule 3.850 proceeding, was not in conflict with federal constitutional principles and should not be disturbed here. <u>Williams v. Taylor</u>, <u>supra</u>.


In **claim six**, the petitioner asserts that he was denied effective assistance of counsel, where his attorney misadvised him that the state could prove robbery, and failed to explain that the evidence only supported the lesser-included-offense of theft. (DE#1:C).


As previously discussed in relation to claim one above, the petitioner was not misadvised regarding the elements of the charged offense. Moreover, even if we accept the petitioner's allegation as true, as previously narrated in this Report, the court conducted a thorough change of plea proceeding, advising the petitioner of the offense to which he was pleading guilty, as well as, setting forth the facts in support thereof. When asked by the court if he agreed

---

[9]To the extent the petitioner reiterates the same arguments regarding the sufficiency of the evidence as alleged in relation to claim four above, the claim should be denied for the reasons expressed therein.

with the state's factual proffer, the petitioner responded in the affirmative. Moreover, as previously discussed in relation to claim four above, there was sufficient evidence to convict as to the charged offense. No showing has been made in the state forum or this collateral proceeding that the evidence only supported a theft charge. To the contrary, it is clear that the petitioner threatened the victim while in the course of committing the robbery.

Thus, the state court's rejection of the claim in the Rule 3.850 proceeding, based on the state's response which argued that the claim was refuted by the record, should not be disturbed here. <u>Williams v. Taylor</u>, <u>supra</u>.

In **claim seven**, the petitioner asserts that he was denied effective assistance of counsel, where his lawyer failed to investigate and discover the status of the petitioner's parole violation in an unrelated case, which resulted in the petitioner's plea being unknowing, involuntary, and as a result of coercion. (DE#1:D). This claim is a mere reiteration of the arguments raised in relation to claim one above, and should therefore be rejected for the reasons expressed therein.

Moreover, when the petitioner made this same argument in his Rule 3.850 motion, the state court rejected the claim based on the state's response, which argued as follows:

> Defendant's argument is successive and should be dismissed. On December 12, 2002 Defendant filed a Motion to Withdraw his Guilty Plea stating that Defendant would not have changed his plea to one of guilty had he known in advance that he was not exposed to a sentence from the parole board. This Court conducted an evidentiary hearing and denied Defendant's motion. Defendant appealed the Court's ruling and the Third District Court of Appeal affirmed the Court's ruling.

27

Defendant now argues once again that he pled guilty
based on counsel's misadvise that the parole
violation remained open [sic] he would not have
pled guilty. This argument is successive as it has
already been litigated, appealed, and upheld. As
such Ground 6 should be denied.

(DE#14:Ex.AJ).

The state court's denial of this claim was subsequently *per curiam*
affirmed on appeal. <u>Everett v. State</u>, 972 So.2d 189 (Fla. 3 DCA
2007)(table); (DE#14:Ex.AO).

As will be recalled, during the motion to vacate proceeding, where
the arguments were first raised, counsel testified that he never
guaranteed the petitioner would be sentenced on the unrelated parole
violation. (DE#14:Ex.F:107-09). To the contrary, counsel explained he
advised petitioner that he was facing a maximum of thirty years in prison,
however, under the terms of the plea, he would only be sentenced to a
maximum of 15 years in prison. (<u>Id</u>.). Under these circumstances, the
petitioner has failed to establish either deficient performance or
prejudice arising from counsel's alleged misadvice. Thus, the state
court's rejection of this claim was in accord with federal constitutional
principles and should not be disturbed here. <u>Williams v. Taylor</u>, <u>supra</u>.

In **claim eight**, the petitioner asserts that he was denied
effective assistance, where his lawyer failed to discover the
existence of a video surveillance tape which would have supported
pursuing the lesser-included-offense of theft, and not strong armed
robbery. (DE#1:F). The petitioner further faults the state for
failing to disclose and/or otherwise provide a copy of the store's
surveillance tape which he claims contained exculpatory evidence.

To succeed in showing a due process violation from the
prosecution's failure to disclose material exculpatory evidence, the
petitioner must establish that (1) evidence was suppressed, (2) the

evidence was favorable to the defense, and (3) the evidence was material either to guilt or punishment. Brady v. Maryland, 373 U.S. 83, 87 (1963). Undisclosed evidence is material if there exists a reasonable probability that the result of the proceedings would have been different had the evidence been disclosed to the defense. See East v. Johnson, 123 F.3d 235, 237 (5 Cir. 1997). No such showing has been made in this federal habeas proceeding, nor in the state forum where the claim was raised.

To the contrary, the petitioner has not provided in this collateral proceeding or in the state forum where the claim was exhausted the surveillance tape he claims existed which would have exculpated him. He has therefore failed to show that counsel's investigation in this regard would have been successful is obtaining the subject tape. Moreover, even if counsel had obtained the tape, no showing has been made that the tape contained exculpatory evidence. As previously narrated in this Report, the evidence which includes the petitioner's own post-arrest statement, establishes that the petitioner threatened the store clerk, the victim identified him as the robber, and an eyewitness observed him running out of the store. Furthermore, by way of entering into the negotiated plea, the petitioner was telling his lawyer not to conduct any further investigation and not present at a trial proceeding any legal defenses that he may be entitled to as it relates to his case. Under the circumstances present here, the petitioner cannot establish prejudice pursuant to Strickland arising from counsel's alleged deficient performance.

Even if the prosecution in this case were viewed as having committed a discovery violation with respect to the production of this evidence, it was not sufficient to warrant federal relief under Brady and its progeny. Further, there is no indication whatever in

the record that the proceedings were rendered fundamentally unfair, warranting habeas corpus relief.[10] See Miller v. Singletary, 958 F.Supp. 572, 578-79 (M.D. Fla. 1997)(holding that habeas claim that petitioner's right to discovery was violated when state trial court denied motion to re-depose state's key witness did not state constitutional claim, but rather was purely matter of state law and thus was not cognizable on federal habeas review).

In **claim nine**, the petitioner asserts that he was denied effective assistance of counsel, where his lawyer failed to investigate and call Detective Feria at the petitioner's suppression hearing to rebut Detective Kumjian's testimony. (DE#1:G).

The petitioner has provided no affidavit in the state forum, nor in this habeas proceeding, to establish that Feria would, in fact, testify as proffered. Such a bare and conclusory allegation, bereft of record support, is subject to summary dismissal. Machibroda v. United States, 368 U.S. 487 (1962). It is arguable that counsel strategically determined not to call this witness. Calling Feria might have provided corroborating rather than rebuttal testimony, and in fact may have undermined the petitioner's argument that his statements were involuntary and should be suppressed. Finally, the petitioner's proffered testimony does not alter the outcome of the suppression proceedings. See Fugate v. Head, 261 F.3d 1206, 1239, n.54 (11th Cir. 2001)(fact that other witnesses could

---

[10]It is noted that issues whether the state violated the state discovery rules and whether the trial court improperly failed to conduct a proper Richardson hearing are purely matters of state law not cognizable in this federal proceeding. A state court's evidentiary ruling presents a cognizable habeas claim only if it runs afoul of a specific constitutional right or renders the trial fundamentally unfair. Sims v. Singletary, 155 F.3d 1312 (11 Cir. 1998). See also Estelle v. McGuire, 502 U.S. 62 (1991); Osborne v. Wainwright, 720 F.2d 1237, 1238 (11 Cir. 1983); Jameson v. Wainwright, 719 F.2d 1125 (11 Cir. 1983); DeBenedictus v. Wainwright, 674 F.2d 841, 843 (11 Cir. 1982).

have been called proves only that short-comings of trial counsel can be identified, while shortcomings can be identified, perfection is not the standard of effective assistance).

The identical claim of this federal petition was raised by the petitioner in his Rule 3.850 motion, and denied by the trial court based on the state's response, which argued in pertinent part, as follows:

> The record conclusively refutes Defendant's arguments....Defendant signed and swore to a Rights Waiver Form, which states in part:
>
> > 'I am voluntarily entering this plea after having had adequate, complete and full consultation with my attorney. My counsel has done everything that I have asked him to do on my behalf and has filed all pleadings, motions and documents that I wanted him to file. My counsel has spoken to and discussed my case with all the witnesses and prospective witnesses that I requested that he talk to, and has discussed my case with me fully and completely....Further, my attorney has raised all defenses that I wanted to be raised with the prosecutor and/or court. My attorney has been competent, professional and effective throughout his representation with me. I am completely satisfied with the representation that may attorney has afforded me.'
>
> Defendant cannot complain that he is unhappy with his attorney for failing to call Det. Feria at the Motion to Suppress. Defendant was given every opportunity prior to pleading guilty to express any discontent with his attorney. As such, Ground 8 should be denied.

(DE#14:Ex.AJ).

31

The state court's denial of this claim was subsequently *per curiam* affirmed on appeal. <u>Everett v. State</u>, 972 So.2d 189 (Fla. 3 DCA 2007)(table); (DE#14:Ex.AO).

Under the circumstances present here, no showing has been made in this federal proceeding that counsel was deficient or that the petitioner was prejudiced arising from counsel's failure to depose or otherwise call Feria as a defense witness at the suppression hearing. <u>See</u> <u>Strickland v. Washington</u>, <u>supra</u>. Thus, the rejection of the claim is in accordance with applicable federal constitutional principles and should not be disturbed here. <u>Williams v. Taylor</u>, <u>supra</u>.

In **claim ten**, the petitioner asserts that he was denied effective assistance of counsel, where his lawyer failed to insure that a hearing was held on the petitioner's motion to suppress prior to his change of plea. (DE#1:I).

It should first be noted that a claim arising from the court's failure to hold a full evidentiary hearing is not cognizable in a federal habeas petition. Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991). Likewise, a state's interpretation of its own rules or statutes does not raise a federal constitutional issue unless it rises to a level of denial of fundamental due process. <u>Wainwright v. Goode</u>, 464 U.S. 78 (1983), <u>reh'g</u> <u>denied</u>, 465 U.S. 78 (1984). <u>See also</u> <u>Redman v. Dugger</u>, 866 F.2d 387 (11 Cir. 1989); <u>Machin v. Wainwright</u>, 758 F.2d 1431, 1433 (11 Cir. 1985); <u>Carrizales v. Wainwright</u>, 699 F.2d 1053 (11 Cir. 1983).

When a federal court considers whether habeas corpus is warranted, the decision is limited to whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. §2254; Rose v. Hodges, 423 U.S. 19, 21 (1975)(per curiam).  A state petitioner's right to an evidentiary hearing on a collateral motion is a question of state law.  Thus, to the extent that the petitioner claims that the trial court committed errors of state law, such claim is not cognizable in this federal habeas corpus petition. Thus, the petitioner is entitled to no relief on his claim that counsel failed to seek an evidentiary hearing.

More importantly, it appears from the record that motions to suppress the petitioner's post-arrest statement, as well as, his in and out of court identification were filed pre-trial. Specifically, the motion to suppress identification was filed in October 2002. (DE#14:Ex.AW). A hearing on the suppression of the post-arrest statement was held in November 2002. (DE#14:AA). At that time, counsel focused on suppression of the statement, rather than the identification.

When determining the admissibility of eyewitness testimony, the primary evil to be avoided is a very substantial likelihood of misidentification. "It is the likelihood of misidentification which violates a defendant's right to due process...." Neil v. Biggers, 409 U.S. 188, 198 (1972). The Court in Neil made it clear that, even in cases where the confrontation procedure may have been suggested, the central question is whether, under the totality of the circumstances, the identification was reliable.[11]

---

[11]An identification procedure which is unnecessarily suggestive and conducive to irreparable misidentification can constitutive a Fourteenth Amendment violation, Stovall v. Denno, 388 U.S. 293 (1967), and a conviction based on eyewitness identification following a pretrial identification is invalid if the procedure was so impermissibly suggestive as to give rise to a very

The record in this case reveals that both the victim of the robbery, as well as, a witness, Tina Procino, chased the petitioner after he fled from the store. (DE#14:Ex.Z:Attach.1:Depo.Procino:9). As the victim chased the petitioner, he kept repeating that the petitioner had robbed him. (Id.). Procino recalled that the petitioner got into a vehicle, and she then got a partial plate number to give police. (Id.:11). A few days later, Procino was contacted to identify the suspect from a photographic line-up. (Id.:18). Although she was a bit confused, she recalled picking two of the pictures because she wasn't sure which of the two was the perpetrator. (Id.:20).

Neither in the state forum nor in this collateral proceeding, has the petitioner established that the police employed an unnecessarily suggestive procedure, but even if it were, considering all the circumstances, it did not give rise to a substantial likelihood of irreparable misidentification. Thus, even if counsel had pursued the motion, no showing has been made that it would have been granted. Regardless, even if it had been suppressed, the outcome of a trial would not have been affected, especially given the petitioner's own taped confession which the court had ruled admissible at trial. Therefore, he cannot satisfy the prejudice prong of Strickland, supra. Likewise, as will be recalled, the

---

substantial likelihood of irreparable misidentification. Simmons v. United States, 390 U.S. 377 (1968). Both Florida and federal courts employ the same standard to determine if an out-of-court identification should be excluded: 1) did the police employ an unnecessarily suggestive procedure in obtaining it; and 2) if so, considering all the circumstances, was a likelihood of irreparable misidentification thereby created. Manson v. Braithwaite, 432 U.S. 98 (1977); Neil v. Biggers, 409 U.S. 188 (1972); Chihora v. Dugger, 840 F.2d 893 (11 Cir. 1988); Grant v. State, 390 So.2d 341, 343 (Fla.), cert. denied, 451 U.S. 913 (1981). Factors to be considered in assessing the likelihood of misidentification include the witness' opportunity to view the defendant at the time of the crime, the witness' degree of attention, the level of certainty demonstrated by the witness, and the length of time between the crime and the confrontation. Grant, supra, at 343.

petitioner waived any right to challenge all non-jurisdictional defenses when he entered into a knowing and voluntary plea. He acknowledged under oath that counsel had pursued all defenses the petitioner had requested, and was pleading guilty freely and voluntarily.

Under these circumstances, the rejection of this claim in the state forum was neither contrary to nor an unreasonable application of established federal principles, and the result should not be disturbed. <u>See</u> 28 U.S.C.§2254(d). <u>See also</u> <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).

In **claim eleven**, the petitioner asserts that he was denied effective assistance of counsel, where his lawyer failed to advise him that he could plead *nolo contendere*, thereby reserving the right to appeal the lawfulness of his motion to suppress. (DE#1:K).

In essence, he faults counsel for not discussing the possibility of entering an <u>Alford</u>[12] plea, however, the law is clear that the court was not required to and might not have accepted such a plea.[13] Moreover, even if counsel had suggested that he enter into that plea, and further assuming that the petitioner had agreed with

_____

[12]<u>North Carolina v. Alford</u>, 400 U.S. 25 (1970).

[13]Counsel's advice in this regard was not erroneous. It is well-settled that a defendant has no absolute right under the United States Constitution or under <u>Fed.R.Crim.P.</u> 11 to have his guilty plea accepted by the court. <u>Santobello v. New York</u>, 404 U.S. 257, 262 (1971); <u>North Carolina v. Alford</u>, 400 U.S. 25, 38 n. 11 (1970). When a defendant attempts to couple a guilty plea with an assertion of facts that would negate his guilt, a judge may properly treat this assertion as a protestation of innocence. <u>United States v. Gomez-Gomez</u>, 822 F.2d 1008, 1011 (11th Cir. 1987). Although the judge may enter judgment upon a guilty plea, he is not required to  do so. <u>Gomez</u>, <u>supra</u>, <u>citing</u>, <u>North Carolina v. Alford</u>, 400 U.S. 25, 38 nn. 10 (1970). In <u>Gomez</u>, the Eleventh Circuit concluded that when a defendant casts doubts upon the validity of his guilty plea by protesting his innocence or by making exculpatory statements, the court may resolve such doubts against acceptance of the plea.

counsel's advice in this regard and the court accepted the plea, no showing has been made that the outcome of the proceedings would have been different. In other words, even if the petitioner had entered such a plea, he may have received a sentence of up 30 years in prison under the offense of conviction. Additionally, no showing has been made that pursuit on appeal of the denial of the suppression motion would have succeeded. Under these circumstances, the petitioner has failed to establish either deficient performance or prejudice arising from counsel's failure to discuss entering an <u>Alford</u> plea in order to preserve his appellate rights.

Likewise, even if counsel had been deficient in this regard, such deficiency was cured by the court at the change of plea proceeding. At that time, the petitioner acknowledged he was giving up his right to appeal all matter relating to the judgment and sentence, including the issue of his guilt or innocence. (DE#14:Ex.4). Under these circumstances, the state court's rejection of this claim in the Rule 3.850 proceeding was not contrary to or an unreasonable application of federal constitutional principles, and should therefore not be disturbed here. <u>Williams v. Taylor</u>, <u>supra</u>.

In **claim twelve**, the petitioner asserts that the cumulative errors of defense counsel deprived the petitioner of a fair trial and due process. (DE#1:L).

For the reasons stated above, the petitioner is not entitled to habeas corpus relief on any of the claims presented. When viewing the evidence in this case in its entirety, the alleged errors, neither individually nor cumulatively, infused the trial with unfairness as to deny petitioner a fundamentally fair trial and due process of law. Thus, the petitioner is not entitled to habeas

corpus relief. <u>See</u> <u>Fuller v. Roe</u>, 182 F.3d 699, 704 (9 Cir.
1999)(holding in federal habeas corpus proceeding that where there
is no single constitutional error existing, nothing can accumulate
to the level of a constitutional violation), <u>overruled on other
grounds</u>, <u>Slack v. McDaniel</u>, 529 U.S. 473, 482 (2000). <u>See also</u>
<u>United States v. Rivera</u>, 900 F.2d 1462, 1470 (10 Cir. 1990)(stating
that "a cumulative-error analysis aggregates only actual errors to
determine their cumulative effect.").

Contrary to petitioner's apparent assertion, the result of the
proceedings was not fundamentally unfair or unreliable. <u>See</u> <u>Lockhart
v. Fretwell</u>, 506 U.S. 364, 369-70 (1993). Defense counsel did not
entirely fail to subject the prosecution's case to meaningful
adversarial testing.[14] <u>United States v. Cronic</u>, 466 U.S. 648, 659
(1984).

In conclusion, it is clear from the record when viewed as a
whole that the petitioner received able representation more than
adequate under the Sixth Amendment standard. <u>See</u> <u>Strickland v.
Washington</u>, 466 U.S. 668 (1984). The grounds raised herein are
meritless for the reasons expressed in this Report. Moreover, the
claims identified above, as raised by the petitioner in the state
forum, and the trial court's determination that the petitioner was

_____

[14]It appears that the petitioner might be attempting to raise a claim
pursuant to <u>United States v. Cronic</u>, 466 U.S. 648 (1984). In some cases,
counsel's failure or inability to subject the prosecution's case to meaningful
adversarial testing violates the Sixth Amendment and makes the adversarial
process presumptively unreliable. <u>Id</u>. at 659. When such a violation occurs, so
as to render the trial presumptively unreasonable, no specific showing of
prejudice is required. <u>Id</u>. The Eleventh Circuit applies the <u>Cronic</u> dicta only
in a "narrow range of cases" where there is a "fundamental breakdown of the
adversarial process," <u>Chadwick v. Green</u>, 740 F.2d 897, 900-01 (11 Cir. 1984),
and concentrates instead on whether or not the accused was denied a fair trial.
<u>Hammonds v. Newsome</u>, 816 F.2d 611, 613 (11 Cir. 1987). In this case, the
petitioner was in no way denied a fair trial or due process. As indicated herein,
the record demonstrates that counsel subjected the state's case to a meaningful
challenge prior to the petitioner's knowing and voluntary guilty plea.

not entitled to postconviction relief on those claims of ineffective assistance of counsel, which decision was affirmed on appeal, was not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[15]  Relief must therefore be denied pursuant to 28 U.S.C. §2254(d).  Williams v. Taylor, 529 U.S. 362 (2000).

Lastly, to the extent the petitioner appears to argue that he is entitled to a federal evidentiary hearing on his claims, that claim also warrants no habeas corpus relief here. If a habeas corpus petitioner "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of the claim." Holmes v. United States, 876 F.2d 1545, 1552 (11 Cir. 1989), quoting Slicker v. Wainwright, 809 F.2d 768, 770 (11 Cir. 1987). However, no hearing is required where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous. Holmes, supra at 1553. Here, for the reasons which have been discussed, the petitioner's claims are all without merit and/or affirmatively contradicted by the existing record, so no federal hearing is necessary or warranted.

## Conclusion

For the foregoing reasons, it is recommended that this petition

---

[15]See Wright v. Secretary for Dept. of Corrections, 278 F.3d 1245 (11 Cir. 2002), cert. denied, 538 U.S. 906 (2003). The petitioner is only entitled to relief if the state appellate court's rejection of his claims was directly contrary to, or was an unreasonable application of, clearly established federal law. Id. at 1253-56.  See also Van Poyck v. Florida Dept. of Corrections, 290 F.3d 1318, 1325 (11 Cir. 2002). For the reasons stated herein, the appellate court's decision affirming the denial of the petitioner's Rule 3.850 motion on the subject issues was not unreasonable, and he is therefore not entitled to relief in this federal proceeding.

for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 16TH day of January, 2009.

_____

UNITED STATES MAGISTRATE JUDGE

cc:  Ralph A. Everett, <u>Pro Se</u>
     DC#073595
     Century Correctional Institution
     400 Tedder Road
     Century, FL 32535-3655

     Ansley B. Peacock, Ass't Atty Gen'l
     Department of Legal Affairs
     444 Brickell Avenue
     Suite 650
     Miami, FL 33131