UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20643-CIV-LENARD/WHITE

**RALPH A. EVERETT,**

    Petitioner,

vs.

**WALTER A. MCNEIL,**

    Respondent.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE (D.E. 17) AND DENYING PETITION FOR WRIT OF
HABEAS CORPUS (D.E. 1)**

**THIS CAUSE** is before the Court on the Report of Magistrate Judge Patrick A. White ("Report," D.E. 17), issued on January 20, 2009, recommending denial of Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition," D.E. 1), filed on March 10, 2008. On January 30, 2009, Petitioner filed a Motion for Rehearing en banc, which the Court construes as objections to the Report ("Objections," D.E. 18). Of the twelve claims for relief, Petitioner only objects to the Report's analysis with regard to the first and fourth claim. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained in the report. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Based on a review of the Magistrate Judge's Report, the Objections, the Petition, and the record, the Court finds as follows.

    **I.**    **Background**

This case involves a pro se petition for writ of habeas corpus challenging a guilty plea entered in state court to armed robbery. In 2002, Petitioner Ralph A. Everett ("Everett") was charged by information in state court with strong armed robbery, in violation of Florida Statute § 812.13(3)(c). The charge stemmed from the armed robbery of a convenience store. Approximately a week prior to trial, Everett moved to suppress his confession. That motion was denied.[1] Moments before jury selection was to begin, Everett indicated he wished to plead guilty in exchange for the mandatory minimum fifteen-year sentence.

At the change of plea hearing on November 19, 2002, the court conducted a colloquy with Everett whereby he pleaded guilty to one count of strong armed robbery, waived his constitutional rights, and expressed his satisfaction with counsel's representation. (Report at 4.) Everett also executed a waiver of rights form, whereby he acknowledged that no one had made any promises, threats, or representations to induce him into entering the plea. (Id. at 3.) Everett also acknowledged that he faced a thirty-year maximum sentence for the offense charged and that he was subject to the fifteen-year mandatory minimum as a "prison release reoffender" ("PRR"). (Id. at 4.) The parties stipulated to the factual basis of the plea, which revealed that Everett willfully, with force, violence, or fear took property from the convenience store clerk. (Id.) The court found Everett's plea to be knowing and voluntary, and that he understood the nature of the charges against him and the constitutional rights he was waiving. (Id. at 4-5.) The court adjudicated Everett guilty and sentenced him to the

---

[1] Everett also moved to suppress the convenience store clerk's identification but a hearing was not held prior to his change of plea.

mandatory minimum of fifteen years in prison, but instructed him that this sentence would run concurrent with any time imposed for violating his parole.

Shortly after receiving his sentence, Everett learned that he no longer faced a potential sentence for a parole violation. Specifically, Everett learned that the parole board had released his "hold" and was no longer interested in disciplining him for any parole violation. Although the parole board's "hold" was released nearly sixteen months prior to Everett's change of plea hearing, neither he nor counsel were informed of this fact. (Objections at 3.) Everett asserts that the only reason he entered into the guilty plea was that his counsel had advised him that he would likely have to serve twelve years on his parole violation and that the sentence for the armed robbery would run concurrent. (Petition at 6.) Thus, Everett was under the belief that he would in effect only be serving at most an additional three years on the armed robbery conviction. (Id.) Approximately two weeks after entering his guilty plea, Everett filed a motion to withdraw his guilty plea on the basis that he would have elected to proceed to trial if the state had not concealed the fact that he no longer faced serving time on the parole violation. (Report at 5.) The court denied Everett's motion after conducting a hearing. At the hearing, the court found that the potential parole violation was not the reason for Everett's plea and stated:

> The Court doesn't see that as the primary reason for entering into this plea. We were ready to pick a jury of seven to try a strong armed robbery case where the defendant was facing thirty years as a habitual offender with a fifteen-year minimum mandatory. He had just gone through a Motion to Suppress hearing where the Court had denied that, and he knew that his statement that he had freely and voluntarily given to the police was going to be heard by this jury.

3

> Recognizing that, this Court views that as his opportunity to cut his best deal and to avoid any further exposure to prison time...I do not believe the defendant's [assertion] that he relied solely on and the only reason that he entered into this plea in this matter was because of the parole violation that was outstanding. The reason he entered into this plea was because of the thirty members of the jury panel that my bailiff had waiting outside this courtroom.

(Hearing on Motion to Vacate Plea, D.E. 14 Ex. F at 60-61.) Everett appealed and moved for post-conviction relief in the state courts without success.

On March 10, 2008, Everett filed the instant habeas petition challenging twelve different aspects of his conviction.[2] Everett's first claim alleges his guilty plea was not entered knowingly and voluntarily because the plea was premised on mistaken advice from counsel that he was facing an additional parole violation and a promise from the judge that his plea could be vacated if his sentence did not run concurrent to any sentence resulting from his parole violation. (Petition at 6.) The Report finds that Everett entered into the guilty plea knowingly and voluntarily upon the advice of competent counsel and recommends that the state court's rejection of Everett's claim is in accordance with constitutional principles and should not be disturbed.[3] Everett's objections, liberally construed, are that he did not possess a "full understanding of what he was pleading to" and evidence in the record supports such a finding. (Objections at 3-4.) Specifically, Everett argues the transcript of

---

[2] Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court must now "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Because Everett only objects to the Report's findings as to claims one and four, the Court only examines these objected-to claims and adopts the remainder of the Report.

[3] The Report recommends denial of Everett's Petition on the merits and does not address any procedural bars to his claims. (See Report at 9-10.)

4

the change of plea hearing evidences his plea was based on counsel's advice regarding the separate parole violation. (Id.) Everett also argues the trial court hastily accepted his plea because it desired a conviction. (Id.)

Everett's fourth claim argues there was insufficient evidence as to one of the elements of strong armed robbery to support his conviction. (Petition at 11.) Everett argues that the evidence did not support "robbery," but only "theft," as the element of a taking with force or violence was missing. (Id.); see Fla. Stat. § 812.13(1) (defining robbery as "the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, <u>when in the course of the taking there is the use of force, violence, assault, or putting in fear</u>.") (emphasis added). The Report first finds that Everett's claim was waived by his knowing and voluntary guilty plea. (Report at 21.) Furthermore, based on the evidence adduced at Everett's suppression hearing, depositions of the victim and an eyewitness, and Everett's own post-arrest statements, the Report finds sufficient evidence to support the conviction under Florida Statute § 812.13. (Id. at 22-23.) The Report finds that Everett's arrest affidavit demonstrated that Everett walked into the convenience store and threatened to kill the employee if he moved. (Id. at 23.) Thus, the Report concludes that the state court's rejection of Everett's claim was neither contrary to nor an unreasonable application of federal constitutional principles and should not be disturbed. Everett's objections, liberally construed, restate his position that the evidence

presented only supports a conviction for theft. (Objections at 4.) Everett argues that because the convenience store clerk testified that he did not actually see a gun, an element of the offense was lacking.

## II.     Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), greatly limits the ability of federal courts to review state court convictions.  Pursuant to 28 U.S.C. § 2254(d), a federal court may not grant an application for a writ of habeas corpus on behalf of a person held in custody pursuant to a claim adjudicated on the merits in a state court unless the state court's adjudication fo the claim, "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Regarding the first prong, "[a] state court decision is 'contrary to' clearly established federal law where the state court either applied a rule in contradiction to governing Supreme Court case law or arrived at a result divergent from Supreme Court precedent despite materially indistinguishable facts." Hannon v. Dept. of Corr., 562 F.3d 1146, 1150 (11th Cir. 2009) (citing Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006)).  A federal court may also grant relief "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413 (2000).

6

In addition, findings of fact made by the state court are presumed correct and may only be rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Crowe v. Hall, 490 F.3d 840, 844 (11th Cir. 2007).

### III. Discussion

#### A. Whether Petitioner's guilty plea was knowing and voluntary

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). "Where a defendant pleads guilty to a crime without having been informed of the crime's elements, this standard is not met and the plea is invalid." Bradshaw, 545 U.S. at 183 (citing Henderson v. Morgan, 426 U.S. 637 (1976)). However, a plea of guilty "entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." Brady, 397 U.S. at 754. Thus, the Court must examine whether the state court erred in finding Everett's plea was knowing and free from undue influence or promises.

As the Report notes, the record "demonstrates that the guilty plea was entered knowingly and voluntarily by the petitioner after a thorough plea colloquy conducted by the

7

trial court and not without understanding the direct consequences of the plea." (Report at 15.) At the change of plea hearing, the trial court judge went through a plea colloquy with Everett in which Everett was told he was pleading guilty in exchange for a mandatory minimum fifteen-year sentence. (Change of Plea Hearing, D.E. 14 Ex. D at 8.) Everett acknowledged that no one had offered or promised him anything in exchange for his plea and that it was entered freely and voluntarily, because he was in fact guilty. (Id. at 9.) Everett was informed that he was potentially facing thirty years imprisonment if convicted at trial. (Id. at 10.) Everett understood that he was waiving certain rights, like the right to trial by jury. (Id. at 11.) Everett also acknowledged that he read, understood, and voluntarily signed the waiver of rights form. (Id. at 12.) The only promise made to Everett was that his fifteen-year sentence would run concurrent to any time imposed as a result of any parole violation. (Id. at 8-9 ("That sentence is to run concurrent with but not co-terminus with any remaining sentence from your F89-8980A sentence. If the parole board decides to impose on you a parole violation of your parole, in that case you will get credit for time served in this case").) This promise did not go unfulfilled. Everett would have been protected had the parole board decided to sentence him for a parole violation. Additionally, Everett testified that his counsel did not guarantee him that his parole would be violated. (Hearing on Motion to Vacate Plea, D.E. 14 Ex. F at 33-34.)[4]

---

[4] To the extent Everett's claim can be construed as alleging his counsel erroneously advised him to plead guilty, the record indicates that counsel only advised Everett that he faced a likely parole violation during their discussions of whether to take the plea. (Id. at 19.) Such advice, even if incorrect in retrospect, does not fall below an objective level of reasonableness

Nothing in the record indicates Everett's plea was not knowing and voluntary, and indeed, the trial court determined that Everett's plea was primarily driven by considerations other than his potential parole violation. (Id. at 60-61 ("The Court doesn't see that as the primary reason for entering into this plea.  We were ready to pick a jury of seven to try a strong armed robbery case where the defendant was facing thirty years as a habitual offender with a fifteen-year minimum mandatory.  He had just gone through a Motion to Suppress hearing where the Court had denied that, and he knew that his statement that he had freely and voluntarily given to the police was going to be heard by this jury....The reason he entered into this plea was because of the thirty members of the jury panel that my bailiff had waiting outside this courtroom.").) Everett objects to the Report's findings on the grounds that he did not plead guilty because of a fear of the jury waiting outside or a possible thirty-year sentence. (Objections at 3.) Everett argues that he was never worried about the longer prison sentence because he is suffering from AIDS and would not live long enough to serve out that sentence. (Id.) However, these assertions do not clearly and convincingly rebut the state court's findings that Everett would not have rejected the plea offer even if aware of the decision not to violate his parole. As a result, the Court adopts the Magistrate Judge's findings that Everett's plea was knowing and voluntary and the state court's rejection of

---

and thus does not constitute deficient performance under Strickland v. Washington, 466 U.S. 668 (1984).  Everett was advised of the direct consequences of his pleading guilty.  Additionally, even if Everett's counsel had performed deficiently, there is no prejudice as the trial court found that Everett's plea was primarily motivated by the potential thirty-year sentence, the tape-recorded confession that had been just ruled admissible, and the jury panel waiting outside the courtroom.

9

Everett's claim was in accordance with federal law.

### B. Sufficiency of the evidence

Everett's claim that there was insufficient evidence to charge him with strong armed robbery also fails. Essentially, Everett asserts that he could not have been convicted of strong armed robbery since the evidence did not establish the necessary element of force or violence. The Court adopts the findings of the Report that Everett waived this claim when he entered a knowing and voluntary guilty plea. Everett stipulated to the factual basis for the plea which included that "the State would have proven that the defendant unlawfully, willfully, with force, violence or fear" took property from the victim. (Change of Plea Hearing, D.E. 14 Ex. D at 14.)

The Court also agrees with the Magistrate Judge that there was sufficient evidence in the record to convict Everett of strong armed robbery. In reviewing a challenge to the sufficiency of the evidence in a federal habeas petition, the court must examine whether the evidence, viewed in a light most favorable to the state, would have permitted a rational trier of fact to find the prisoner guilty of the crimes charged. See Jackson v. Virginia, 443 U.S. 307 (1979); Smith v. White, 815 F.2d 1401 (11th Cir. 1987). Everett objects that the deposition of the store clerk reveals that the robbery did not occur through force or violence. (See Objections at 21-22.) However, the store clerk testified that his assailant threatened him by saying that he had a gun. (Id.) In addition, the arresting affidavit states that the robber "lifted up his shirt which exposed a dark colored handgun," and told the victim "don't move [or] I'll kill you." (Arrest Affidavit, D.E. 14 Ex. AV) Based on the deposition testimony and

the evidence presented at the suppression hearing, sufficient evidence to convict Everett of strong armed robbery existed even had he not waived this claim through his guilty plea. As a result, the state court's rejection of Everett's claim was not contrary to federal law. Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

   **1.**   Consistent with this Order, the Report and Recommendation of Magistrate Judge Patrick A. White (D.E. 17), issued on January 20, 2009, is **ADOPTED**.

   **2.**   Petitioner's Motion for Rehearing En Banc (D.E. 18), filed on February 2, 2009, construed as objections to the Report and Recommendation, are **DENIED**.

   **3.**   Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (D.E. 1), filed on March 10, 2008, is **DISMISSED**.

   **4.**   This case is now **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of September, 2009.

                                          **JOAN A. LENARD**
                                          **UNITED STATES DISTRICT JUDGE**